IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION



| | | |
|---|---|---|
| VICTOR GOMEZ,<br>    Petitioner, | §<br>§<br>§ | |
| v. | § | EP-21-CV-146-DCG |
| | § | |
| ATTORNEY GENERAL OF TEXAS,<br>    Respondent. | §<br>§<br>§ | |

## MEMORANDUM OPINION AND ORDER

Victor Gomez, state prisoner number 1772692, challenges his continued confinement through a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pet'r's Pet., ECF No. 1. His petition is denied as time barred.

## BACKGROUND

Gomez was convicted on two counts of engaging in organized criminal activity by committing aggravated assaults.[1] State v. Gomez, 20110D04048 (Crim. Dist. Ct. 1, El Paso Cnty. Tex. Nov. 22, 2011). He was sentenced to forty-five years' imprisonment. Id. His conviction was affirmed by the Eighth Court of Appeals. Gomez v. State, No. 08-12-00001-CR, 2014 WL 3408382 (Tex. App. July 11, 2014). He then filed an application for a writ of habeas corpus and was granted "the opportunity to file an out-of-time petition for discretionary review." Ex parte Gomez, No. WR-87,621-01, 2017 WL 5494417, at *1 (Tex. Crim. App. Nov. 15, 2017). His petition for discretionary review was refused by the Court of Criminal Appeals. Gomez v. State, PD-0104-18 (Tex. Crim. App. May 9, 2018). His state-court records reflect he has not engaged in further state-court proceedings arising from his conviction. See Texas Judicial Branch, Court of Criminal Appeals, case search,

---

[1] See Gomez v. State, No. 08-12-00001-CR, 2014 WL 3408382, at *1 (Tex. App. July 11, 2014) ("Jesus and Jose Vargas died after they were beaten, stabbed, and shot at the A & M Bar in Socorro, Texas, at which members of the Barrio Aztecas gang were present.").

https://search.txcourts.gov/CaseSearch (search for Gomez, Victor) (last visited June 28, 2021).

Gomez now alleges that the state trial court abused its discretion. Pet'r's Pet. 7. He claims that the state trial court erred during voir dire by impermissibly limiting his questioning of the venire members regarding their abilities to be fair and impartial in a case dealing with gang members and multiple deaths. Id. He asks for relief from his conviction. Id. at 15.

## TIMELINESS

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides that claims under 28 U.S.C. § 2254 are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four possible events: (1) when "the judgment became final," (2) when "the impediment to filing an application created by the State action in violation of the Constitution and laws of the United States is removed, if the applicant was prevented from filing by such State action," (3) when "the constitutional right asserted was initially recognized by the Supreme Court . . . and made retroactively applicable to cases on collateral review," or (4) when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Id. §§ 2244(d)(1)(A)–(D).

The limitations period is tolled by statute when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Id. § 2244(d)(2). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings . . . [including] the time limits upon its delivery." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (emphasis in original).

The limitations period is not jurisdictional and is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). Equitable tolling is not, however, available for "'garden variety

2

claims of excusable neglect.'" Lookingbill v. Cockrell, 293 F.3d 256, 264 (5th Cir. 2002) (quoting Rashidi v. American President Lines, 96 F.3d 124, 128 (5th Cir. 1996)). It is justified only "'in rare and exceptional circumstances.'" Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002) (quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). Such circumstances include situations where a petitioner is actively misled by the respondent, "'or is prevented in some extraordinary way from asserting his rights.'" Id. (quoting Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999)). However, "'[e]quity is not intended for those who sleep on their rights.'" Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999) (quoting Covey v. Arkansas River Co., 865 F.2d 660, 662 (5th Cir. 1989)). Rather, "'[e]quitable tolling is appropriate where, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim.'" Id. at 715 n.14 (quoting Pacheco v. Rice, 966 F.2d 904, 906–07 (5th Cir. 1992)).

The petitioner has the burden of proving his entitlement to equitable tolling. Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir.), modified on reh'g, 223 F.3d 797 (5th Cir. 2000). To satisfy his burden, he must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" of timely filing his § 2254 motion. Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

## ANALYSIS

As an initial matter, Gomez does not suggest an unconstitutional "State action" prevented him from filing for federal relief. 28 U.S.C. § 2244(d)(1)(B); Pet'r's Pet. 13. Further, his claims do not concern a constitutional right recently recognized by the Supreme Court and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Finally, his claims were clearly discoverable, through the exercise of due diligence, well within a year after his conviction became final. Id. §

2244(d)(1)(D).  In fact, he raised—and the Eighth Court of Appeals rejected—his claim that the state trial court abused its discretion during voir dire in his direct appeal.  Gomez, 2014 WL 3408382, at *1.  Thus, Gomez's limitations period began to run when his judgment of conviction became final.  See Jimenez v. Quarterman, 555 U.S. 113, 121 (2009) ("We hold that, where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet "final" for purposes of § 2244(d)(1)(A).  In such a case, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" must reflect the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal.") (quoting 28 U.S.C. § 2244(d)(1)(A)).

Gomez was sentenced on November 22, 2011.  Pet'r's Pet. 1.  He was granted leave to file an out-of-time petition for discretionary review approximately five years later.  Ex parte Gomez, 2017 WL 5494417, at *1.  But his petition was refused on May 9, 2018.  Gomez, PD-0104-18.  So, his conviction became final 90 days later—on August 7, 2018—when the time to file a petition for a writ of certiorari with the Supreme Court expired.  Roberts v. Cockrell, 319 F.3d 690, 693–95 (5th Cir. 2003).  As a result, he had one year—until August 7, 2019—to file a timely petition.  Gomez constructively filed his instant petition on June 14, 2021, the day he signed it and presumably placed it in the prison mail system.  United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000) (citing Spotville v. Cain, 149 F.3d 374, 376 (5th Cir. 1998)).  Thus, he submitted it approximately two years beyond the statutory deadline.

Gomez did not address the timeliness of his petition in his original pleading.  Pet'r's Pet. 13.  So, he was ordered to show cause why the Court should not dismiss his petition as time barred.  Order

to Show Cause 6, ECF No. 2. He explained in his response that (1) his attorney did not give him notice the Court of Criminal Appeals had denied his petition for discretionary review, (2) he was in administrative segregation and denied access to a law library when his sister sent him notice the Court of Criminal Appeals had denied his petition for discretionary review, (3) he had a learning disability and needed help with reading and writing, and (4) his mail was intercepted by other inmates. Pet'r's Resp. to Order to Show Cause 1, ECF No. 5.

"Congress knew AEDPA would affect incarcerated individuals with limited access to outside information, yet it failed to provide any tolling based on possible delays in notice." Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999). And "attorney negligence is not an extraordinary circumstance warranting equitable tolling." Holland v. Fla., 560 U.S. 631, 655 (2010) (Alito, J., concurring in part).

"[P]lacement in administrative segregation or solitary confinement is generally not grounds for equitable tolling." Madis v. Edwards, 347 F. App'x 106, 108 (5th Cir. 2009) (citing Miller v. Marr, 141 F.3d 976, 978 (10th Cir.1998) (holding limited library access to federal statutes and Colorado case law was insufficient to establish extraordinary circumstances warranting equitable tolling); Schaefer v. Stack, 641 F.2d 227, 228 (5th Cir. 1981) (holding under Florida law that imprisonment, even solitary confinement without adequate access to a law library, does not toll statute of limitations)).

"[T]he lack of legal training, ignorance of the law, and unfamiliarity with the legal process are insufficient reasons to equitably toll the . . . statute of limitations." United States v. Petty, 530 F.3d 361, 366 (5th Cir. 2008). "It is irrelevant whether the unfamiliarity is due to illiteracy or any other reason." Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (citing Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991)).

Finally, Gomez fails to explain how the fact that other inmates may have intercepted his mail

delayed the filing of his § 2254 petition—especially when he had already raised the same claim in his direct appeal. Hence, he has not overcome "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals . . . , supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009).

Gomez's explanations for his delay in filing his § 2254 petition are insufficient to support a conclusion that he is entitled to equitable tolling. Moreover, on the record in this case, Gomez falls far short of exhibiting reasonable diligence in challenging his sentence and pursuing his claims. Equity simply does not call for tolling on the facts in Gomez's case.

In sum, the Court finds that Gomez has not met his burden of showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing of a § 2255 motion. Lawrence, 549 U.S. at 336. Consequently, the Court also finds that Gomez's § 2254 petition is time barred and that he is not entitled to equitable tolling.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Gonzalez v. Thaler, 132 S. Ct. 641, 646 (2012). In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

Gomez's claims are clearly time barred and he is not entitled to equitable tolling. Thus,

reasonable jurists could not debate the denial of Gomez's § 2254 petition for procedural reasons—or find that his issues deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484). Therefore, the Court shall not issue a certificate of appealability.

## CONCLUSIONS AND ORDERS

The Court concludes that Gomez's § 2254 petition is time barred, Gomez is not entitled to equitable tolling, and it need not address the merits of Gomez's claims. The Court further concludes that Gomez is not entitled to a certificate of appealability. The Court, therefore, enters the following orders:

**IT IS ORDERED** that Gomez's pro se "Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" (ECF No. 1) is **DENIED**, and his civil cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Gomez is **DENIED** a certificate of appealability.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

SIGNED this 5th day of August 2021.

DAVID C. GUADERRAMA
**UNITED STATES DISTRICT JUDGE**